IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD DURRAND ROBINSON,  )  <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> MARK BRECKON, Warden, ) <br> United States Penitentiary Lee, ) <br> ) <br> Respondent ) | Civil Action No. 7:19-CV-459 <br><br><br><br> By: Michael F. Urbanski <br> Chief United States District Judge |

## MEMORANDUM OPINION

Richard Durrand Robinson, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was sentenced in violation of the Constitution. This matter is before the court on respondent's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, or, alternatively, for summary judgment, to which Robinson has responded. ECF Nos. 8, 11. Having reviewed the record and the pleadings, the court **GRANTS** respondent's motion to dismiss and **DISMISSES** Robinson's petition.

**I. Background**

Robinson is in the custody of the Warden of United States Penitentiary Lee. On November 25, 1997, Robinson was convicted and sentenced in the United States District Court for the Southern District of Indiana on two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), stemming from bank robberies he committed on April 8,

1

1997 and April 18, 1997.[1] United States v. Robinson, No. 1:97CR00056-001 (S.D. Ind. 1997). ECF No. 9-3.[2] The district court sentenced Robinson to 120-month concurrent sentences on the bank robbery convictions, 60 months on the first use of a firearm conviction, and 240 months on the second use of a firearm conviction, to be served consecutively to each other and to the bank robbery sentences, for a total of 420 months. Jmt., Id. at 1-2.

Robinson appealed the conviction and the Seventh Circuit Court of Appeals affirmed on November 18, 1998. Rehearing was denied on December 16, 1998. United States v. Robinson, 161 F.3d 463 (7th Cir. 1998). Robinson sought a writ of certiorari but it was denied on April 19, 1999. Robinson v. United States, 526 U.S. 1078 (1999).

Robinson next filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. United States v. Robinson, No. IP-97-56-CR-01 (S.D. Ind. 2000). ECF No. 9-4. He argued that his attorney failed to provide effective assistance of counsel; that he was not informed of the 20-year consecutive sentence made mandatory by his conviction on the second § 924(c) violation; and that he was convicted in violation of the Double Jeopardy Clause of the Constitution. Id. at 5-6. The district court denied relief on May 10, 2002. United States v. Robinson, No. IP-00-202-C-B/F, IP 97-56-CR-01-B/F (S.D. Ind., 2002). ECF No. 9-5.

On April 27, 2004, Robinson filed a motion for relief pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. The district court dismissed the motion as a second or

---

[1] Robinson pled guilty to Counts Three and Four of the indictment, relating to the bank robbery that occurred on April 18, 1997. He pled not guilty to Counts One and Two, which related to the April 8, 1997 bank robbery. Following a trial, a jury found him guilty on Counts One and Two. See Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255. ECF No. 9-5 at 2.

[2] The ECF numbers cited herein refer to documents attached to respondent's motion to dismiss, most of which are copies of documents filed in Robinson's previous lawsuits.

successive collateral proceeding requiring advance appellate approval. United States v. Robinson, No. 1:04-cv-SEB-VSS (S.D. Ind. 2004). ECF Nos. 9-6, 9-7, and 9-8.

On October 13, 2004, Robinson filed another § 2255 motion, which the court dismissed as second or successive. Robinson v. United States, No. 1:04-cv-1669 (S.D. Ind. 2005). ECF Nos. 9-9 and 9-10. Robinson appealed the dismissal and the Seventh Circuit dismissed the appeal as untimely filed. Robinson v. United States, No. 05-2358 (7th Cir. 2005). ECF No. 9-11.

Robinson filed another § 2255 motion on August 29, 2005, which the district court dismissed as second or successive on September 2, 2005. United States v. Robinson, No. 1:05-cv-1291-SEB-VSS (S.D. Ind. 2005). ECF Nos. 9-13, 9-14, 9-15, 9-16. Robinson sought to appeal the dismissal, but the Seventh Circuit denied his request for a certificate of appealability. Robinson v. United States, No. 05-3813 (7th Cir. 2006). ECF No. 9-17.

On March 22, 2013, Robinson filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2241 asserting actual innocence and ineffective assistance of counsel. The court denied relief on June 17, 2014. Robinson v. Caraway, No. 2:13-cv-108-WTL-WGH (S.D. Ind. 2014). ECF Nos. 9-18, 9-20, 9-21.

On May 31, 2016, Robinson sought permission from the Seventh Circuit Court of Appeals to file a successive § 2255 petition based on the holdings in Johnson v. United States, 135 S.Ct. 2551 (2015), and Welch v. United States, 136 S.Ct. 1257 (2016). The Seventh Circuit denied permission to file on June 28, 2016, finding his convictions were unaffected by Johnson. United States v. Robinson, No. 16-2306 (7th Cir. 2016). ECF Nos. 9-23, 9-24.

On March 1, 2018, Robinson wrote to the district court in Indiana asking that his sentence be reduced in accordance with Deans v. United States, 137 S.Ct. 1170 (2017). The court denied relief, noting that Deans did not alter or revise the manner in which the Sentencing Guidelines were to be interpreted and also that Deans was not made retroactive by the Supreme Court. United States v. Robinson, No. 1:97-cr-00056-SEB-DML (S.D. Ind. 2018). ECF Nos. 9-25, 9-26.

On February 6, 2019, Robinson filed a motion for relief under the savings clause of 28 U.S.C. § 2255 in the district court in Indiana, arguing that he should be allowed to file a motion for relief under 28 U.S.C. § 2241. The district court denied relief on February 21, 2019. Robinson v. United States, No. 1:97-cr-56-01 (S.D. Ind., 2019). ECF Nos. 9-27, 9-28.

In early 2019 Robinson filed a motion in the Seventh Circuit Court of Appeals seeking permission to file a successive § 2255 motion to vacate his conviction and sentence. The Seventh Circuit denied authorization to file because his claims did not rely on a new rule of constitutional law or a factual predicate that could not have been discovered previously through the exercise of due diligence. Robinson v. United States, No. 19-1594 (7th Cir. 2019). ECF No. 9-29.

## II. Robinson's Claims

Robinson filed the instant § 2241 petition on June 14, 2019 and asserts the following: (1) he was sentenced beyond the mandatory minimum sentences authorized for his offenses; and (2) his constitutional right to not be subject to double jeopardy was violated when he was punished twice for the same offense and when he was forced to pay monetary special assessments in addition to being sentenced to terms of incarceration for his violations.

4

Robinson further claims that he may bring this habeas petition pursuant to § 2241 via the savings clause of § 2255, citing in support United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) and In re Jones, 226 F.3d 328 (4th Cir. 2018).

### III. Wheeler, Jones, and 28 U.S.C. § 2241

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction, his sentence, or both, by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is inadequate or ineffective to test the legality of his detention.[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[4]

In Wheeler, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled

---

[3] See 28 U.S.C. § 2255(e):
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[4] The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

5

substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[5] for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429; see also Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018) (applying Wheeler).

Similarly, in Jones, 226 F.3d at 333-34, the Fourth Circuit had reached the same conclusion with respect to challenges to convictions and set forth similar factors. Section 2255 is inadequate and ineffective to test the legality of a conviction when (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

The Wheeler court also affirmed that the requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the claims. Id. at 426–29. Although the court must

---

[5] Section 2255(h) provides that:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

apply the procedural standard in Wheeler, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must look to the substantive law of the circuit where a defendant was convicted." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268 (JLK), 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Accordingly, in order for Robinson to bring a claim under the savings clause, he must meet the Jones test if he is challenging his conviction, or the Wheeler test if he is challenging his sentence. Review of Robinson's claims shows that none of them meets Wheeler's or Jones's requirements for use of the § 2255 savings clause.

### A. Sentencing Error

Robinson alleges that his sentence is fundamentally defective, because he "was sentenced beyond his mandatory minimum twice for the same offense . . . ." ECF No. 1 at 2. His arguments on this claim are not clear, but he is proceeding pro se and the court endeavors to construe the claims liberally. See Haines v. Kerner, 404 U.S. 594 (1972) (noting courts should hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers). Because he is challenging his sentence, the court will apply the Wheeler factors to determine whether he may proceed in this § 2241 action pursuant to the savings clause of § 2255.

### (1) Legality of Sentence at Time of Sentencing

Robinson was convicted of two armed bank robberies that occurred ten days apart, in violation of 18 U.S.C. § 2113(a) and (d). Each bank robbery was punishable by up to 25 years in prison, a $250,000 fine, and a $100 special assessment. See 18 U.S.C. § 2113(d) ("Whoever,

7

in committing, ... any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both."); 18 U.S.C. § 3571 (providing fines of up to $250,000 as punishment for felonies); and 18 U.S.C. § 3013 (providing mandatory special assessment of $100 for conviction on felony offense). Robinson was sentenced to 120-month terms on each bank robbery conviction, to be served concurrently, and assessed a $100 penalty on each conviction. ECF No. 9-3 at 2.

Robinson also was convicted on two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Under the statute in effect at that time, the offense was punishable by a mandatory 5-year sentence, and in the case of a second or subsequent conviction, the person was subject to an additional mandatory 20-year sentence. The statute required the sentences to run consecutively to the sentence for the underlying crime of violence and consecutively to each other. 18 U.S.C. § 924(c)(1). Robinson was sentenced to 60 months on the first conviction and 240 months on the second conviction, both to be served concurrently to each other and to the sentences for the bank robbery. He also was assessed a $100 penalty on each conviction. ECF No. 9-3 at 2.

Robinson argues that he was sentenced twice for the same offense. ECF No. 1 at 4. While it is unclear which sentences he believes were imposed in error, in his response to the motion to dismiss, he states that the 20-year sentence imposed on the second § 924(c) conviction was an "illegal sentence" and that he should have been sentenced only under the penalty provision for the first § 924(c) conviction. ECF No. 11 at 2. However, the Supreme Court found that the provision of § 924(c) about which Robinson complains was

8

constitutional in Deal v. United States, 508 U.S. 129 (1993). The Court held that subsequent convictions in a single proceeding are considered "second or subsequent convictions" within the meaning of § 924(c)(1). Id. at 132-33. Thus, settled law of the Supreme Court established the legality of his sentence and Robinson meets the first prong of Wheeler.

**(2) Subsequent Change to Law**

In order to satisfy the second prong of Wheeler, Robinson must show that subsequent to his direct appeal and first § 2255 motion, there was a change to § 924(c) that has been deemed to apply retroactively on collateral review. Robinson has pointed to no such change in the law and the court knows of none.

The court notes that on December 21, 2018, Congress amended § 924(c)(1)(C) as part of the First Step Act of 2018 (the Act), PL 115-391, 132 Stat 5194. Under § 403 of the Act, the statute was amended by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." 132 Stat at 5221-22. The practical effect of the amendment was to eliminate the "prosecutorial practice of 'stacking' § 924(c) charges in the same indictment without a previous § 924(c) conviction." United States v. Redd, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *5 (E.D. Va. Mar. 16, 2020). However, the amended § 924(c)(1)(C) is applicable only to offenses that were committed before the date of enactment of the Act, if a sentence had not been imposed as of such date of enactment. In other words, the change applies only to defendants who were sentenced after December 21, 2018. 132 Stat at 5222; United States v. Davis, 139 S.Ct. 2319, 2324 n.1 (2019).

9

Thus, the change is not retroactively applicable on collateral review, and Robinson, who was sentenced in 1997, cannot rely on it to meet the second prong of Wheeler. Without meeting the second prong of Wheeler, he cannot show that the § 2255 savings clause applies to his circumstances in such a way that he can bring this challenge to his sentence under § 2241. See Cook v. Warden, USP Lee County, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four Wheeler requirements must be satisfied, and petitioner failed to satisfy one of the four).[6] Accordingly, because Robinson cannot satisfy the second prong of Wheeler, this court lacks jurisdiction to consider his claim that he is entitled to relief. Therefore, Robinson's claim for relief based on his allegation that he was sentenced twice for the same offense is **DISMISSED**.

### B. Double Jeopardy

Robinson also argues that his armed bank robbery convictions violated the Double Jeopardy Clause of the Constitution because 18 U.S.C. § 2113(a) is a lesser included offense of 18 U.S.C. § 2113(d) and also that the $100 special assessments imposed by the court were prohibited multiple punishments because he was sentenced to terms of incarceration for the offenses.

Because Robinson seeks to challenge his conviction via the § 2255 savings clause, he must meet the requirements set forth in Jones, 226 F.3d at 333-34. He must show that (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive

---

[6] In addition, the third and fourth prongs of the Wheeler test are dependent on the petitioner meeting the second requirement of showing a change in the law made retroactive on collateral review. Because Robinson cannot show that the second prong applies to him, he cannot show that the remaining prongs apply to him.

10

law changed such that the conduct of which he was convicted is deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Robinson's convictions on two counts of bank robbery were legal at the time he was convicted. Although he argues that his convictions violated the Double Jeopardy Clause because 18 U.S.C. § 2113(a) is a lesser included offense of 18 U.S.C. § 2113(d), they did not. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authority by imposing multiple punishments for the same offense." Id.

Robinson is correct that § 2113(a) of the bank robbery statute is a lesser included offense of § 2113(d). United States v. Dixon, 790 F.3d 758, 761 (2015). Section 2113(a) is "bank robbery by intimidation" while Section 2113(d) is "violation of § 2113(a) by using a dangerous weapon or device." Id. at 760. However, Robinson was not convicted twice or punished twice for violations of the subsections of the statute. Rather, he received only one conviction and one punishment of 120 months for each of the bank robberies. See Jmt., ECF No. 9-3. Therefore, his convictions did not violate the Double Jeopardy Clause and were legal at the time he was convicted.

11

Turning to the second and third prongs of the Jones test, Robinson can satisfy neither. He has not shown that substantive law has changed such that the conduct forming the basis of his conviction is no longer deemed to be criminal. Moreover, even if he could do so, he would be challenging the constitutionality of his conviction under the Double Jeopardy Clause of the Constitution and would need to seek authorization from the Seventh Circuit Court of Appeals to bring a successive § 2255 motion, rather than proceed via § 2241. Jones, 226 F.3d at 334. Thus, he is not entitled to bring this double jeopardy claim via § 2241.

With regard to Robinson's argument that the special assessments imposed on him constitute double jeopardy, he is mistaken. As the Supreme Court explained in Missouri v. Hunter, 459 U.S. 359, 366 (1983), "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Congress passed 18 U.S.C. § 1303 which provides that a district court shall impose a $100 assessment on any person convicted of a felony against the United States. Therefore, when a court imposes a special assessment pursuant to § 1303, it is not exceeding the punishment set by Congress for the offense and the assessment does not constitute double jeopardy. O'Neill v. United States, No. 04-CV-461, 2007 WL 2042250, at *15 (E.D. Wis. 2007).

The monetary assessment imposed in Robinson's case did not violate the Double Jeopardy Clause of the Constitution at the time he was convicted, satisfying the first prong of the Jones test. However, for the same reasons he did not satisfy the second and third prongs of the Jones test based on the bank robbery statute, he has not satisfied them with his challenge to the special assessment. He has not shown that the law has changed such that the conduct

forming the basis of his conviction is no longer deemed criminal and even if he had done so, he would be challenging the constitutionality of his conviction under the Double Jeopardy Clause of the Constitution and would need to seek authorization from the circuit court to bring a successive § 2255 motion, rather than proceed via § 2241. For these reasons, Robinson's challenge to his convictions based on the Double Jeopardy Clause are **DISMISSED**.

## IV. CONCLUSION

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Robinson's petition. Accordingly, the court **GRANTS** respondent's motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 8, and **DISMISSES** Robinson's petition without prejudice.

An appropriate order will issue this day.

ENTERED: 08/07/2020

MICHAEL F. URBANSKI
CHIEF UNITED STATES DISTRICT JUDGE